Elgin *vs.* Baltimore and Ohio Railroad Company.

, (Decided 24th March, 1891.)

---

## JAMES H. ELGIN *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Railroad company—Conditional agreement—Erection of Guards and Barriers along a Highway—Evidence.*

An agreement between the Baltimore and Ohio Railroad Company, and the County Commissioners of Washington County, recited that the company, in the prosecution of its business, had been compelled to obstruct a public road where it crossed its tracks at the points indicated; that it had been proposed to change the road so that it would run on the north side of the tracks, and

not cross the same, whereby the company would be relieved from liability to indictment for obstructing the highway; and that it agreed to make the altered road, and to put up and maintain at its own expense, a fence or barrier where the proposed road was higher than the tracks of the railroad. The Commissioners instead of closing and discontinuing the old road where it crossed the tracks of the railroad, provided an additional road and left the old one unchanged. HELD:

That the company was relieved from its obligation to erect guards and barriers, the condition, upon the performance of which that obligation was expressly made to depend—the entire closing of the old road—not having been complied with by the County Commissioners.

The fact that the employés of the railroad company assisted in repairing the new road, did not show that the company had unconditionally agreed to erect guards and barriers along such road, or that it had waived the right to insist upon the closing of the old road before it would assume the performance of its agreement with regard to the new one.

APPEAL from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court. This suit was instituted in the Circuit Court for Washington County, and on the application of the defendant it was removed to the Circuit Court for Alleghany County, and thence on the application of the plaintiff it was removed to the Circuit Court for Montgomery County, where it was tried. The jury rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Edward Stake,* and *Alexander Armstrong,* (with whom were *Norman B. Scott, Jr., James B. Henderson,* and *George Peter,* on the brief,) for the appellant.

Elgin *vs.* Baltimore and Ohio Railroad Company.

*Geo. Dobbin Penniman*, and *Henry H. Keedy*, (with whom were *W. Irvine Cross*, and *John K. Cowen*, on the brief,) for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The declaration in this case alleges that the Baltimore and Ohio Railroad Company agreed with the County Commissioners of Washington County to open and keep in repair a public highway alongside of the company's road-bed, and to construct and maintain suitable guards and barriers between that highway and the railroad tracks, at points where the surface of the former might be above the plane of the latter: That the company neglected this obligation to construct guards and barriers, and that the horse of the appellant, whilst being driven along this highway by the appellant, was frightened by an approaching train, and backed the vehicle over the side of the road where the guards and barriers ought to have been; and that the appellant sustained serious injuries in consequence. The duty thus imputed to the railroad company is one arising solely upon contract, and not one imposed by any statute or by the common law. This is made certain beyond the possibility of question by the evidence, to which allusion will be made in a moment. To the contract then, and to it only, resort must be had in ascertaining the extent of the duty whose alleged breach is the *gravamen* of this action. Obviously, therefore, the very first step to be taken towards establishing a liability is to prove the existence of such an obligation.

It was shown by the evidence, that just east of Sandy Hook in Washington County, the public county road leading from Weverton crossed over the railroad from the north to the south side; that it then ran parallel with and close to the south track, until the west end of Sandy Hook was reached, when the road crossed the

Elgin *vs.* Baltimore and Ohio Railroad Company.

tracks to the north, and continued on that side: That these two crossings were dangerous, and caused much delay to persons using the highway, as well as inconvenience to the company: That, in order to obviate all this, a number of citizens of Washington County petitioned the County Commissioners to open a new road on the bed of an old private way on the north side of the tracks, beginning east of Sandy Hook, where the old road crossed to the south, and running wholly on the north side to the point where the old road recrossed the tracks west of Sandy Hook. The appellant, for the purpose of showing an agreement on the part of the company to put up and maintain the guards and barriers referred to in the declaration, then proposed to offer in evidence the proceedings had before the County Commissioners respecting the opening of the new road. These proceedings contain an agreement on the part of the company, and it is that agreement which, it is claimed, fixes the company's liability. This agreement recites, in substance, that the company, in the prosecution of its business, has been compelled to obstruct the public road where it crosses the tracks as indicated; that it has been proposed to change the road so that it will run on the north side of the tracks, "and not cross the same," whereby the company will be relieved from liability to indictment for obstructing the highway; and then provides that, "in consideration of which the said company agrees and promises that it will" pay the damages awarded by the examiners for the opening of the road; that it will make the altered road, and "that it will put up and maintain at its own expense a fence, wall or barrier where the proposed road is higher than the railroad tracks." The appellee objected to this evidence, and the Circuit Court sustained the objection, and to this ruling the third and fourth exceptions were taken. It is perfectly evident from the agreement that the com-

pany was anxious to be freed from the inconvenience to which it was and had been subjected by these two crossings, and that the people who used the highway were equally anxious to avoid the dangers incident to driving over the railroad tracks at these points.    The railroad company accordingly agreed to make the new road safe if the inconveniences which it encountered were done away with by the closing of the old road.    Its obligation was therefore conditional, and the condition prescribed was the alteration; that is, the entire closing of the old road. Had the old road been closed, the duty of the company to open and make safe the new road, and to erect guards and barriers, would have been perfect and complete. What, then, was actually done under the proceedings before the County Commissioners?    The report of the examiners appointed by the County Commissioners, together with the final ratification of that report, shows that, instead of closing and discontinuing the old road where it crossed the tracks, and ran on the south side of the railroad, nothing was done but to open a new road along the bed of the old private way, on the north side of the tracks; thus merely providing an additional road and leaving the old one unchanged.    The sole object which the company had in view, in assuming the obligation it did, was, therefore defeated, and the condition, upon the performance of which that obligation was expressly made to depend, was never complied with by the County Commissioners.    Under these circumstances, it is perfectly manifest that no duty was imposed upon the company to do the things which it had conditionally promised to do.    The conditional agreement was therefore clearly not admissible in evidence to establish the existence of the absolute duty alleged in the declaration with respect to the construction of guards and barriers. The failure to perform the condition upon which the company's promise was founded having rendered that

5                    v. 74.

promise nugatory, it was not competent to submit the agreement to the jury as evidence of a binding obligation on the part of the company to do the acts, the omission to do which is alleged to have caused the injury to the appellant. There was consequently no error in this ruling of the Court.

The first, second, and seventh exceptions present but one question, and may properly be disposed of together. The appellant sought to prove that the public road, on the south side of the tracks, had been obstructed by the appellee, but the Court refused to allow him to do so. We see nothing to complain of in these rulings. The accident did not happen upon that road, and the alleged obstructions did not force the appellant to travel the new and unguarded road. He himself testified that he was on his way to the post office in Sandy Hook when the injury occurred, and that by travelling over the road south of the tracks he could not have reached his destination. The condition of a road which he was not upon, and which he did not intend to pass over on the occasion in question, had not the remotest relation to or connection with the imputed duty of the appellee to keep a different road in repair. The utmost that the proposed testimony would have shown was, that the railroad company had been guilty of causing a public nuisance by obstructing a highway not involved in this controversy. This alleged obstruction did not tend to prove that the old road was closed, because it could only have been lawfully discontinued by the County Commissioners after appropriate proceedings taken with that end in view.

The fifth and sixth exceptions relate to the Court's refusal to allow the appellant to show that repair hands or employés of the Baltimore and Ohio Railroad Company worked upon the new road on the north side of the tracks. This proposed evidence was clearly irrelevant.

It tended in no way to show that the company had unconditionally agreed to erect guards and barriers along the new road; nor did it establish the fact that the company had waived the right to insist upon the closing of the old road before it would assume the performance of its agreement with regard to the new one. The accident, it will be remembered, did not happen because the road itself was in a state of disrepair, but because of the want of guards and barriers. The fact that the company's employés aided in repairing the road, and therefore in lessening the probabilities of accidents to those who used it, certainly furnished no evidence that the company had bound itself unconditionally to put up guards and barriers at particular places along the side of the road, and had, consequently, undertaken to do that which the law required the County Commissioners to do.

There are no other questions presented by the record, and, as we have found no errors in the rulings which have just been reviewed, the judgment appealed from must be affirmed.

*Judgment affirmed.*

